IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>          Plaintiff,<br>   v.<br>KARLSSON,<br>          Defendant. | Case No. 19-cr-00340-CRB-1<br><br>**ORDER OF RESTITUTION** |

On March 3, 2021, Defendant Roger Karlsson pleaded guilty to wire fraud, securities fraud, and money laundering. Dkt. 34. On July 8, 2021, Karlsson was sentenced to a custodial term of 180 months. Judgment (dkt. 69). At sentencing, the parties agreed to defer the question of precisely how much restitution Karlsson owed. The government later submitted a restitution schedule, to which Karlsson objected. The Court overrules that objection and holds that the government justified its schedule by a preponderance of the evidence. The Court orders restitution in the amount of $8,491,396.33 as set forth in the revised schedule. See Revised Schedule (dkt. 100-4).

The Mandatory Victims Restitution Act of 1996, which applies here, requires that "the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. 3663A(a)(1). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." Id. § 3664(e). The government meets its burden of establishing that restitution is owing to a victim, and the amount owed, when the restitution request is

supported by "evidence that possesses sufficient indicia of reliability to support its probable accuracy." United States v. Waknine, 543 F.3d 546, 557 (9th Cir. 2008) (internal citations omitted).

At the restitution hearing on December 15, 2021, the Court directed Karlsson to provide more specific detail as to his objections to the government's initial restitution schedule, which listed sums for each of 2,019 victims totaling $8,532,068.77. Dkt. 87. On January 19, 2022, Karlsson filed his objection along with an attached spreadsheet. Objection (dkt. 91); Ex. A (objections spreadsheet). Karlsson explained that the objections to the restitution schedule fell into two primary categories: (1) "alleged victims who did not submit any Victim Impact Statement and whose restitution claim is unsupported by any sworn statement or declaration in the record;" and (2) "alleged victims who did submit Victim Impact Statements but have failed to provide sufficient documentation or authentication of their individual claims." Objection (dkt. 91) at 2. Of the 2,019 total claims, Karlsson argued that there were 830 in the first category (no victim impact statement at all) and another 532 in the second category (victim impact statement but insufficient authentication of the loss). Id. at 7; Ex. A, see Response (dkt. 97) at 2.

The government argues that the objection is meritless as to both groups. First, as the 830 claims purportedly unsubstantiated by victim impact statements, the government explains that "the vast majority of those victims (794) were members of what has come to be known in this case as the Deaf Group," whose documentation was provided in a block by Robert Giles, who documented every transaction from that group and provided it to the government. Response at 2; see Giles Decl. (dkt. 99) & Ex A. For the remaining victims in this category, the government supplied Karlsson with victim impact statements that he may not have received or may have overlooked. Response at 3-4.

Second, in reference to the claims where Karlsson argues the loss is not authenticated, the government provides extensive detail on how IRS Special Agent Jeremiah Haynie went about substantiating the restitution figures. See id. at 4-7; Haynie Decl. (dkt. 100-2). After Karlsson's objections, SA Haynie went back through the first ten

objections (listed in alphabetical order) as well as the highest twenty restitution claims. See generally Haynie Decl. SA Haynie provided specific examples of why Karlsson's objections were not well taken. Id. ¶ 8-10, 13. For example, some of the defense's objections proceeded from failure to recognize typos, failure to look at supplemental documentation, failure to see that the government had already reduced the amount claimed, or failure to look closely at how much documentation there actually was. E.g., id. ¶ 10 (noting that the claimant had provided 25 pages of emails and stating "I am not sure what more this victim could have provided to support his claim"). However, during his review, SA Haynie made slight adjustments, reducing four loss amounts and increasing a fifth. Id. ¶ 15. Accordingly, the total restitution in the government's revised schedule decreased slightly from $8,532,068.77 to $8,491,396.33. See Revised Schedule.

The Court is satisfied that the government's revised schedule is supported by a preponderance of the evidence. The Court OVERRULES the objection and ORDERS restitution in the amount of $8,491,396.33 as set forth in the government's schedule.

**IT IS SO ORDERED.**

Dated: August 12, 2022

CHARLES R. BREYER
United States District Judge

3