United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

KARLSSON,

Defendant.

Case No. 19-cr-00340-CRB-1

**ORDER GRANTING MOTION TO TURNOVER FUNDS HELD BY THE INTERNAL REVENUE SERVICE**

The government moved to turnover property seized from Defendant and held by the Internal Revenue Service ("IRS") to apply the proceeds to Defendant's restitution obligations. Mot. (dkt. 135) at 1–2. Defendant filed no response or objection.

The Court ordered Defendant to pay restitution in the amount of $8,717,053.77 after Defendant pleaded guilty to charges of wire fraud, securities fraud, and money laundering. See Order Amending Restitution Order (dkt. 133); Order of Restitution (dkt. 106); Change of Plea Hr'g (dkt. 34). Almost three years later, the Defendant has paid only $5,208.95 towards that obligation. Decl. of Manik Bowie (dkt. 135-1) at 2. The government now asks this Court to help along the process by ordering approximately $350,000 seized from the Defendant and held by the IRS turned over to the Clerk to be applied to Defendant's restitution obligation. Mot. at 2–3.

The government has good standing to do so. When a court imposes restitution upon a defendant, the restitution order creates a "lien in favor of the United States on all property and rights to property of [the defendant]." 18 U.S.C. § 3613(c); see also 18 U.S.C. § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution"). As such, "a court may order that a defendant's

property already in the government's possession be applied to his restitution debt." United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005) (citing United States v. Mills, 991 F.2d 609, 219 (9th Cir. 1993)). Courts routinely grant restitution orders against tax-refunds, see, e.g., United States v. Steward, 95-cr-05111-JLT, 2022 WL 1645087, at *7 (E.D. Cal. May 24, 2022), and against money held by defendants in government accounts, see, e.g., United States v. Hester, No. 10-cr-2967-BTM, 2016 WL 1007335, at *2 (S.D. Cal. Mar. 14, 2026). The Court can thus apply Defendant's funds held by the IRS to Defendant's outstanding restitution obligation.

For the foregoing reasons, the government's motion is **GRANTED** and it is **ORDERED** that the IRS shall turnover funds seized from Defendant Roger Karlsson, in the amount of approximately $350,000.00 to the Clerk of this Court to be applied to his restitution judgment.

**IT IS SO ORDERED.**

Dated: November 17, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California